## Collins's Estate.

*Decedents' estates—Claim for nursing and household services—Presumption of periodical payment rebutted—Declarations by decedent.*

A claim against a decedent's estate for nursing and household services rendered decedent in her lifetime by claimant, where the fact that the services were rendered is satisfactorily established, may be proved by declarations of the decedent to third persons, in the absence of claimant, that she (decedent) intended to pay claimant in a lump sum for the services rendered, as such declarations are not only an admission of liability, but an admission that claimant had not been paid in full, and are sufficient to rebut the presumption that the services had been paid for periodically as performed.

Exceptions to adjudication. O. C. Phila. Co., April T., 1923, No. 1137.

In the instant case, a claim against decedent's estate for nursing and household services from Jan. 1, 1921, to June 13, 1922, seventeen and a-half months, at $40 per month, $700, was presented by one Mrs. McMullen. It appeared from the evidence that she and her husband broke up their home and went to live with decedent, who was Mr. McMullen's aunt, of advanced years and infirm health, and that they continued to live with her until her death. To sustain the claim there was ample proof that the services for which compensation was claimed had been rendered; there was no evidence of any express agreement between the claimant and decedent for compensation, in reliance upon which the services were rendered; nor was there any evidence of declarations by decedent that there ever had been such an agreement. There was, however, evidence of declarations by decedent to five witnesses at different times, expressing her keen appreciation of the action of claimant and her husband in breaking up their home and coming to live with her; of the value of the services rendered by claimant; and of decedent's intention to pay her well in a lump sum, or by buying her and her husband a home for $4500 or $5000, as recompense for the services which had been rendered her. Claimant was not present at any of these conversations which took place between decedent and these witnesses. The auditing judge, Gest, J., allowed the claim.

*Thomas H. McCaffrey*, for exceptants; *H. Horace Dawson*, contra.

THOMPSON, J., July 12, 1923.—The auditing judge states in his adjudication that "the decedent, Catharine Collins, was an aged woman, about eighty-four years old, and was living at No. 321 North Fortieth Street, of which property she was the life-tenant. After the death of a friend, who had resided with her, she was left alone, and on or about Jan. 1, 1921, the claimant, with her husband, Richard McMullen, and her daughter, came to live with the decedent, who was Richard McMullen's aunt. The testimony is clearly preponderant that from that time to the date of the decedent's death the claimant took charge of the household, nursed the decedent, whose arm had been broken, attended to her, provided and served her meals, paid the household bills and did her washing, &c. The testimony is also preponderant that the decedent frequently expressed her appreciation of the claimant's attention and services, and stated her intention to compensate the claimant. It also appeared to the satisfaction of the auditing judge that even if the testimony of some members of the claimant's family be disregarded and biased, though there seems no reason to doubt its truthfulness, there was sufficient testimony of disinterested and entirely credible witnesses to the above facts, and, further, that the decedent consistently stated not only that she intended to compensate the claimant, but that she intended to pay her in a lump sum. The presumption of periodical payment is removed by this testimony, and the auditing

judge is of opinion that the claimant is entitled to recover on a *quantum meruit* a reasonable compensation for her services, and the amount claimed, $40 a month, is fair enough."

We are of opinion that the auditing judge correctly stated the facts and law in his adjudication. The declaration of the decedent that she intended to pay claimant in a "lump sum" was not only an admission of liability, but an admission that claimant had not been paid in full, and is sufficient to rebut the presumption that the services of the claimant were paid for periodically as performed. The testimony shows that decedent contemplated the purchase of a house for claimant, to cost about $5000, which was evidently what she had in mind when she stated that she would pay claimant in a "lump sum." The fact that decedent had money from time to time with which she could have paid claimant is not important, as decedent did not intend to pay claimant in instalments, but in a lump sum.

All exceptions filed by Mary Reilly et al. are dismissed and the adjudication is confirmed absolutely.